IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY PAULSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, TAKEDA PHARMACEUTICALS OF NORTH AMERICA, INC., TAKEDA CHEMICAL INDUSTRIES, INC., and TAP PHARMACEUTICAL PRODUCTS, INC.,<br><br>Defendants. | Case No. 1:15-cv-04144<br><br>Judge Gary Feinerman<br><br>Magistrate Judge Maria Valdez |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
TAKEDA PHARMACEUTICALS U.S.A., INC., TAKEDA CHEMICAL INDUSTRIES,
LTD., AND TAP PHARMACEUTICAL PRODUCTS INC.'S
<u>MOTION TO DISMISS PURSUANT TO RULES 12(b)(5), 12(b)(6), AND 9(b)</u>**

In this re-filed action of a lawsuit pending from 2010 to 2014, plaintiff has once again attempted to sue two non-existent entities, Takeda Chemical Industries, Inc. ("TCI") and TAP Pharmaceutical Products Inc. ("TAP"). Although she claims that she has served both of them (Dkt. 15, 18), a non-existent company cannot be served with a complaint. Thus, the complaint against TCI and TAP should be dismissed summarily for lack of proper service of process. *See* Fed. R. Civ. P. 12(b)(5).

The complaint should also be dismissed on other grounds. First, the majority of plaintiff's claims are objectively time-barred and should be dismissed with prejudice. This lawsuit is the second suit plaintiff has filed alleging that she sustained injuries after being prescribed the drug Lupron Depot® in 2004. Compl. ¶ 19. The prior suit was filed in April 2010 and dismissed in May 2014. Although plaintiff acknowledges that her products claims may be subject to statutes of limitations and repose, she alleges that this lawsuit is timely under the

Illinois Savings Statute, Compl. ¶ 2, which provides that a timely lawsuit can be re-filed within one year of its voluntary dismissal, *see* 735 ILCS 5/13-217. The Savings Statute (even if it were relevant), however, cannot help plaintiff's complaint against TCI, which (along with Takeda Chemical Industries, Ltd.) was dismissed from plaintiff's prior action in 2011. Moreover, the statute of limitations on her two warranty-based claims necessarily expired in 2008, four years after she took the drug and well before her prior lawsuit was filed in 2010. Thus, plaintiff has not stated any valid claim against TCI or a valid warranty claim against any defendant.

Second, plaintiff's fraud claims should also be dismissed with prejudice under Rule 9(b). Despite having more than five years and extensive discovery to develop her fraud claim, plaintiff still has not alleged the "who, what, when, where, and how" of the fraud as the Federal Rules require her to do to state a valid fraud claim.

Third, any claims against Takeda Pharmaceuticals North America, Inc. ("TPNA"), TCI, and TAP should be dismissed with prejudice for failure to plead a plausible cause of action. As noted above, neither TCI nor TAP actually exists, and therefore there cannot be a plausible claim against them. And, finally, plaintiff has not alleged a tortious act by any defendant with the plausibility required by Rule 8. She has now had more than five years and four complaints to allege a plausible claim. She has failed to do so. The time has come to dismiss her complaint with prejudice.[1]

---

[1] Plaintiff's claims against TPNA, TCI, and TAP should also be dismissed for the reasons stated in Memorandum of Law in Support of Defendant Abbott Laboratories' Rule 12(b)(6) Motion to Dismiss, Section II, which the Takeda entities hereby join in its entirety.

## BACKGROUND

**A.    TAP, TCI, and TPNA**

This lawsuit is a product liability suit in which plaintiff alleges that she was injured by the drug Lupron. It names as defendants TAP, TCI, and TPNA. TAP and TCI do not exist today, and TPNA no longer goes by that name.

**1.    TAP**

In February and March 2004, when plaintiff alleges that she received two shots of Lupron, Compl. ¶ 19, the company responsible for Lupron business in the United Sates was TAP. TAP was jointly and equally owned by Takeda America Holdings (itself a wholly-owned subsidiary of Takeda Pharmaceutical Company Ltd.) and Abbott Laboratories ("Abbott"). *See* Takeda 2008 Annual Report, at 10, excerpt attached hereto as Ex. A (*publicly available at* https://www.takeda.com/investor-information/annual/pdf/index/ar2008_en.pdf).[2] TAP continued to be the responsible entity for the Lupron business through April 30, 2008, when the joint venture concluded. Abbott 2008 Annual Report, at 47, excerpt attached hereto as Ex. B (*publicly available at* https://www.abbott.fr/wp-content/uploads/2012/12/Abbott_Report_2008.pdf). At that time, Abbott exchanged its fifty-percent equity interest in TAP for the assets, liabilities, and employees related to TAP's Lupron business. *Id.*

In July 2008, TAP was merged into TPNA and dissolved as a corporation. *See* Takeda 2008 Annual Report, at 10 (Ex. A). Under Delaware law, dissolved corporations continue only for a period of three years from the date of expiration/dissolution as a corporate body for the

---

[2] The Court may take judicial notice of publicly available documents such as annual reports without converting this motion into a motion for summary judgment. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003) ("[I]n resolving a motion to dismiss, the district court is entitled to take judicial notice of matters in the public record.").

purpose of prosecuting and defending suits. 8 Del. C. § 278. For TAP, that period expired in 2011, four years before plaintiff filed this suit.

### 2. TCI

TCI, which is named in the case caption, is not a corporation, and indeed is not even referred to in plaintiff's complaint. The complaint does refer to Takeda Chemical Industries, Ltd., which plaintiff alleges is the parent company of TPNA. Compl. ¶ 5. But, Takeda Chemical Industries, Ltd., a Japanese corporation, is now known as Takeda Pharmaceutical Company Ltd. ("Takeda"), a Japanese corporation with its headquarters in Japan. *See* Takeda 2008 Annual Report, at 10, 88, 104 (Ex. A). And, in any event, Takeda Chemical Industries, Ltd. (as well as TCI) was dismissed from this case in 2011. *See Cardenas & Paulsen v. Abbott Labs. et al.*, No. 10-CV-05820-DAB (S.D.N.Y.), Dkt. 30, at 1 n.1, attached hereto as Ex. C.

### 3. TPNA

TPNA is the former name of the company now known as Takeda Pharmaceuticals U.S.A., Inc. ("TPUSA"). *See* Illinois Secretary of State Corp/LLC – Certificate of Good Standing, http://www.ilsos.gov/corporatellc/ (search for "Takeda Pharmaceuticals U.S.A., Inc.") (last visited July 5, 2015), attached hereto as Ex. D. TPUSA is a Delaware corporation with its principal place of business in Deerfield, Illinois. *See id.* TPUSA is a wholly-owned subsidiary of Takeda. Takeda Pharmaceuticals U.S.A., Inc., http://www.takeda.us (last visited July 5, 2015), attached hereto as Ex. E.

### B. History of Plaintiff's Litigation

Plaintiff filed her first complaint in the Eastern District of New York on April 20, 2010. That complaint named TPNA, TCI, and TAP as defendants. On July 9, 2011, the court dismissed TCI (and Takeda Chemical Industries, Ltd.) from the lawsuit because plaintiffs never served that entity and moved to voluntarily dismiss it. *See Cardenas & Paulsen*, No. 10-CV-

05820-DAB, Dkt. 30, at 1 n.1 (Ex. C); *Cardenas & Paulsen*, No. 1:11-CV-04860 (N.D. Ill.), Dkt. 42, at 1 n.1, attached hereto as Ex. F. After the case was transferred to the Northern District of Illinois, the court dismissed the remainder of the complaint on *Twombly* grounds, finding that it failed to plead facts sufficient to state a plausible claim against any defendant. *Id.*, Dkt. 42. Although the decision focused primarily on the dearth of allegations regarding plaintiffs' own treatment, it also dismissed the fraudulent misrepresentation claim on 9(b) grounds. *Id.*

In the years that followed, plaintiff had more than sufficient opportunity to litigate her claims. She filed multiple complaints and a motion to dismiss defendants' statute of limitations defense (which was denied), and engaged in protracted discovery and discovery motion practice. In August 2013, after giving plaintiff almost a year's notice, plaintiff's counsel moved to withdraw, and Judge Gottschall granted the motion. *Id.*, Dkt. 106-07. After months of plaintiff's complete inaction and failure to respond to court orders or appear in court, Judge Gottschall dismissed the case for want of prosecution and entered judgment. *Id.*, Dkt. 115-16. On April 29, 2014, however, on plaintiff's motion and over defendants' objection, the dismissal was vacated. *Id.*, Dkt. 142. Then, on May 28, 2014, plaintiff filed a notice of voluntary dismissal, and on May 30, 2014, Judge Gottschall dismissed the case without prejudice. *Id.*, Dkt. 143-44. Just short of a year later, on April 24, 2015, plaintiff filed a Motion to Reopen, which was denied *sua sponte* by Judge Gottschall. *Id.*, Dkts. 146-47. Plaintiff filed the instant complaint on May 11, 2015.

Plaintiff has filed notice of service of process on TPNA, TCI, and TAP. TPNA and TCI (confusingly named as "Takeda Chemical Industries, Ltd." on the notice of service) were allegedly served by hand delivering service documents to the offices of TPUSA at One Takeda Parkway in Deerfield, Illinois. Dkt. 15-16. Plaintiff claims to have served TAP by sending process to CT Corporation System in Chicago, Illinois. Dkt. 18.

### C. The Current Complaint

Plaintiff alleges that she "was injected with Lupron on two occasions beginning on or about February 2004 and ending on or about March 2004." Compl. ¶ 19. She further alleges that she "was treated for joint pain and was subsequently diagnosed with severe joint arthopathy in April of 2008" and "later diagnosed with osteoporosis in May of 2010[.]" *Id.* at ¶ 20. She claims that she "had no knowledge of her claims alleged [in the complaint], or facts sufficient to place her on inquiry notice of the claims set forth [in the complaint] within two years of the filing of the previous complaint." *Id.* at ¶ 21.

Plaintiff makes few allegations as to any specific defendant. She alleges (incorrectly) that TAP is a joint venture between Takeda Chemical Industries, Ltd. and Abbott, with each owning and controlling a 50% stake. *Id.* at ¶ 6. Although she alleges, without any further factual support, that TAP is "directed and controlled" by Abbott and Takeda Chemical Industries, Ltd., and that Abbott and TPNA are "responsible" for TAP's actions, *id.* at ¶¶ 7-8, she does not allege any facts that would tend to support piercing the corporate veil of TAP. The complaint expressly defines the terms "Defendant," "Defendants," or "TAP" to include Abbott and TPNA. *Id.* at ¶ 9. It then makes a series of non-specific allegations against "TAP" and "Defendants," and claims that "All Defendants" are liable for plaintiff's claims of negligence, strict products liability, strict products liability-failure to warn, breach of express warranty, breach of implied warranty, fraudulent misrepresentation, and negligent misrepresentation. *Id.* at ¶¶ 12-13, 15-18, 22-73.

Plaintiff's fraudulent misrepresentation claim is particularly scant on factual allegations. It does not allege which particular defendant allegedly made a misrepresentation, exactly what the content of the alleged misrepresentation was, why it was deceptive, to whom the representation was made, when, or even how the purportedly fraudulent statement was made. *See id.* at ¶¶ 58-66.

Finally, plaintiff alleges that her case is "timely" because "Section 5/13-217 of the Illinois Code of Civil Procedure [the Savings Statute] provides that, if an action is voluntarily dismissed, the plaintiff may re-file the lawsuit within one year or within the remaining period of limitation, whichever is greater. 735 ILCS 5/13-217." *Id.* at ¶ 2.

## **LEGAL STANDARD**

To survive a challenge under Rule 12(b)(6), the amended complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a complaint must plead facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* It is therefore not sufficient for a plaintiff to allege facts that are "merely consistent with" a defendant's liability. *Id.* Instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. After all, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3; *see also Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) ("A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much.").

When determining whether the amended complaint states a "plausible" claim, the Court should accept as true only well-pleaded *facts*—not bare conclusions or "formulaic recitation[s] of the elements" of claims. *Iqbal*, 556 U.S. at 678. The Court need not "accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

Dismissal is also appropriate when a complaint, on its face, shows that plaintiff's claim is barred by a statute of limitations. *See Tregenza v. Great Am. Commc'ns*, 12 F.3d 717, 719 (7th Cir. 1993).

## ARGUMENT

### I. Plaintiff Did Not Properly Serve TCI or TAP

Despite plaintiff's assertions to the contrary, TCI and TAP were not properly served. Plaintiff attempted to serve TCI by delivering the summons and complaint to TPUSA's Deerfield offices. Dkt. 15. However, as explained to plaintiff's counsel before filing this motion, that corporation does not exist, and thus it is impossible to serve it.

Plaintiff claimed to have served TAP by delivering the summons and complaint to CT Corporation System in Chicago, Illinois. Dkt. 18. But TAP does not exist, so it could not possibly have authorized CT Corporation to act as its registered agent. Service is not effective absent such authorization. Fed. R. Civ. P. 4(h) (providing that service of a corporation is only effective if the summons and complaint are delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").

To the extent that plaintiff intended to name and serve Takeda as opposed to TCI, Takeda is a Japanese corporation with no physical presence in the United States. Service on a separate corporation—TPUSA—cannot effect service on that entity. *Id.*

Thus, the complaint should be dismissed as to TCI and TAP for lack of proper service. *See, e.g., Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) ("[N]othing in the [Federal Rules] allows a judge to excuse service [under Rule 4]

altogether. Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4.").

> II. **All of Plaintiff's Causes of Action Against TCI, and All of Her Breach of Express and Implied Warranty Claims, Are Time-Barred**

The claims against TCI should also be dismissed because they are time-barred. Plaintiff alleges that her lawsuit is timely because she is entitled to the benefit of the Illinois Savings Statute, which allows for re-filing of a timely, voluntarily-dismissed complaint within a year of dismissal. Compl. ¶ 2. But in the prior incarnation of this case, "Takeda Chemical Industries Ltd., named as Takeda Chemical Industries, Inc.," was dismissed from the case for lack of service on July 9, 2011, well over a year before this lawsuit was filed in 2015. *Cardenas & Paulsen*, No. 10-CV-05820-DAB, Dkt. 30, at 1 n.1 (Ex. C); *Cardenas & Paulsen*, No. 1:11-CV-04860, Dkt. 42, at 1 n.1 (Ex. F) ("The [Southern District of New York] dismissed TCI because it was not served with process and because Plaintiffs moved to dismiss it as a party."). Therefore, plaintiff could not possibly get the benefit of the Savings Statute as to that defendant, regardless of how she names it here, and the suit against it was unquestionably time-barred when this complaint was filed in May 2015.

The face of the complaint also proves that plaintiff's breach of express warranty and breach of implied warranty claims are time-barred, and were time-barred when plaintiff filed her initial complaint in April 2010. Compl. ¶ 19. This is true whether the Court applies Georgia or Illinois law.[3]

---

[3] Plaintiff filed the current complaint in Illinois, and Illinois courts (including federal courts sitting in diversity in Illinois) generally apply Illinois's statutes of limitations. In certain situations, however, Illinois courts will apply the statutes of limitations of the state where the cause of action arose, and plaintiff is a resident of Georgia, was injected with Lupron there, and her claims accrued there. For the purpose of Abbott's current arguments, both Illinois and Georgia's statutes of limitations operate to bar plaintiff's claims, and thus there is no need to determine at this time which state's statutes of limitations should apply.

Georgia adopts the U.C.C.'s four-year statute of limitations in relation to contracts for the sale of goods. *See* O.C.G.A. § 11-2-725(1). Illinois has a five-year limitations period for both express and implied warranty claims. 735 ILCS 5/13-205. Absent circumstances not present here, accrual in both states is upon tender of delivery, regardless of the plaintiff's knowledge of the breach. *See* O.C.G.A. § 11-2-725(2); *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1361 (N.D. Ga. 2013) (Georgia's statute of limitations for breach of warranty accrues upon tender of delivery, and "applies to implied-warranty claims" as well); *Cosman v. Ford Motor Co.*, 285 Ill. App. 3d 250, 257, 220 Ill. Dec. 790, 674 N.E.2d 61, 66 (1996) (implied warranty claims accrue on tender of delivery); *Nelligan v. Tom Chaney Motors, Inc.*, 133 Ill. App. 3d 798, 801, 88 Ill. Dec. 826, 479 N.E.2d 439, 442 (1985) (warranty claims accrue upon tender of delivery).

The complaint alleges that Lupron was tendered to plaintiff in February and March 2004. Compl. ¶ 19. Thus, plaintiff's express and implied warranty claims accrued then. Accordingly, the four- or five-year statute of limitations on those claims had run by the time plaintiff filed her original complaint in April 2010 (and had certainly run by the time she filed her new complaint).

### III. Plaintiff's Fraud Claim Does Not Pass Muster Under Rule 9(b)

Rule 9(b) requires that fraud-based claims be pled with specificity, but plaintiff's fraudulent misrepresentation claim, which only conclusorily alleges that defendants "made false and fraudulent misrepresentations to the medical community and . . . users of Lupron," Compl. ¶ 59, fails to meet this standard. As Judge Gottshall informed plaintiff almost four years ago, to satisfy the rule, a well-pled claim sounding in fraud must state "with particularity the circumstances constituting fraud or mistake, meaning that facts such as 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff' must be alleged in detail." *Cardenas & Paulsen*, No. 1:11-CV-04860, Dkt. 42, at 9 (Ex. F) (quoting *Hefferman v.*

*Bass*, 467 F.3d 596, 601 (7th Cir. 2006)). *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) ("Fed. R. Civ. P. 9(b) requires the plaintiff to state 'with particularity' any 'circumstances constituting fraud.' . . . This means the who, what, when, where, and how: the first paragraph of any newspaper story."); *Roppo v. Travelers Cos.*, No. 13 C 05569, 2015 WL 1777469, at *3 (N.D. Ill. Apr. 16, 2015) (providing that the "heightened pleading standard of Rule 9(b) . . . requires that [plaintiff's] claims for fraudulent misrepresentation be pled with particularity," and dismissing such claims with prejudice). Yet, the complaint pleads a fraudulent misrepresentation claim that does none of those things. It does not allege who specifically made a fraudulent statement, what the specific fraudulent statement was, how or when the fraudulent statement was made, how or when the statement was communicated to plaintiff, or how plaintiff relied on the statement. *See* Compl. ¶¶ 58-67. This count should be dismissed once again, this time with prejudice.

### IV. Plaintiff's Complaint Does Not Allege a Plausible Cause of Action Against TPNA or TCI

Moreover, plaintiff's complaint does not allege sufficient facts to state any plausible claim, much less one against TPNA or TCI. It alleges that TPNA is a "wholly owned subsidiary" of Takeda Chemical Industries, Ltd., and that it "focuses on a variety of therapeutic areas" including "the development of" Lupron. Compl. ¶ 5. It further alleges that Takeda Chemical Industries, Ltd. (as opposed to the named defendant, TCI) "owns and controls a [50%] stake in TAP." *Id.* at ¶ 6. TAP, in turn, is allegedly (somehow) "directed and controlled by" non-majority-shareholder Takeda Chemical Industries, Ltd. *Id.* at ¶ 7. TAP is allegedly also "involved in and/or responsible for the research, development, testing, manufacturing and sales, distribution and/or marketing" of Lupron, *id.* at ¶ 8, and "focuses its marketing efforts on securing Lupron use and sales by physicians," *id.* at ¶ 7.

The complaint generally alleges that either TAP (defined to include TPNA and Abbott) or "Defendants" (without further elaboration) committed certain actions. It does not describe what each defendant has allegedly done in any meaningful way or which defendant bears culpability for particular actions. Indeed, it is short on facts altogether, largely relying on bare legal conclusions.

Plaintiff has alleged no facts that would even remotely establish any liability against TPNA or TCI. Plaintiff's injuries allegedly resulted from Lupron, *id.* at ¶ 19-21, 24, and she alleges that TAP was the company responsible for the "research, development, testing, manufacturing and sales, distribution and/or marketing" of Lupron. *Id.* at ¶ 8. Plaintiff alleges *no* connection between TPNA or TCI, and TAP. At best, she alleges that Takeda Chemical Industries, Ltd. is a 50% owner of TAP. *Id.* at ¶ 6. But Takeda Chemical Industries, Ltd. is not a defendant here (and it was dismissed from the prior case in 2011), and mere ownership in TAP is not a sufficient basis for liability. The purported claim against TPNA, an alleged subsidiary of the 50% owner of TAP, is even more attenuated. *See, e.g.*, *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." (internal quotation marks omitted)). Plaintiff has alleged no facts to support her bare conclusion that Takeda Chemical Industries, Ltd., or any other entity, "directed or controlled" TAP or otherwise "acted in concert" with TAP. Compl. ¶¶ 6-8. Thus, there is no plausible basis alleged to disregard the corporate form. Plaintiff has not alleged a plausible claim against TPNA or TCI, and the claims against them should be dismissed. *Adams*, 742 F.3d at 728.

Nor are plaintiff's generic allegations against "defendants" sufficient to establish liability against *any* defendant. *See, e.g.*, Wright & Miller et al., 5 Federal Practice & Procedure § 1248

(3d ed.) ("[I]n order to state a claim for relief, actions brought against multiple defendants must clearly specify the claims with which each individual defendant is charged."); *Fromkin v. Indymac Bank FSB*, No. 10-CV-8014-PCT-PGR, 2010 WL 2541167, at *3 (D. Ariz. June 18, 2010) (same, granting motion to dismiss); *Turney v. Fifth Third Bank*, No. 09-2533-JWL, 2010 WL 1744670, at *6-7 (D. Kan. Apr. 29, 2010) (holding that plaintiffs could not "generally allege that this group of defendants harmed them as a group"). But even if the allegations were aimed at a specific defendant instead of all "defendants" generically, they still would not state a plausible claim. Plaintiff fails to allege critical facts underpinning each claim, including failing to identify any specific duty owed plaintiff by any defendant but TAP (or how any such duty was breached). The complaint contains nothing more than the kind of boilerplate language and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that the Supreme Court has held will "not suffice" to state a plausible claim. *Iqbal*, 556 U.S. at 678.

In sum, the complaint does not show "more than a sheer possibility that the defendant has acted unlawfully" and its factual allegations are insufficient to state a plausible claim. *Id.* The complaint should be dismissed.

### V. Plaintiff's Complaint Should Be Dismissed with Prejudice

Plaintiff has now had five years, not to mention extensive discovery, to find something—anything—to support her claim. She has utterly failed to do so. This is not for lack of opportunity. Plaintiff has been granted opportunity to replead more than once; this is effectively her fourth complaint. *See Cardenas & Paulsen*, No. 1:11-cv-04860, Dkt. 45 (Second Amended Complaint); Dkt. 1 (present complaint re-filed after voluntary dismissal, effectively Third Amended Complaint). Enough is enough.

Plaintiff's complaint should be dismissed with prejudice for this reason alone. *See Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998) ("[W]hile it is possible that the deficiencies of the complaint could be cured by further pleading, the plaintiff has had three chances over the course of three years to state a claim and the district judge was not required to give her another chance."); *Kuberski v. O'Rourke,* No. 12 C 7993, 2014 WL 1227630, at *4 (N.D. Ill. Mar. 25, 2014) (dismissing case with prejudice after plaintiffs were given multiple chances previously to amend the complaint); *Global Tech. & Trading, Inc. v. Satyam Computer Servs. Ltd.*, No. 09 CV 5111, 2011 WL 308162, at *2 (N.D. Ill. Jan. 28, 2011) (dismissing count with prejudice where plaintiffs had already had three chances to properly allege their claim); *Salkin v. Washington*, 628 F. Supp. 138, 140 (N.D. Ill. 1986) (dismissing count with prejudice "[g]iven plaintiff's three chances to amend his complaint").

## **CONCLUSION**

For all of these reasons, the complaint should be dismissed with prejudice.

Dated: July 6, 2015                                    Respectfully submitted,

/s/ *Kathryn L. Dore*
June K. Ghezzi (IL 6185506)
Nicole C. Henning (IL 6286386)
Kathryn L. Dore (IL 6306411)
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Telephone:  312-782-3939
Facsimile:  312-782-8585
jkghezzi@jonesday.com
nhenning@jonesday.com
kdore@jonesday.com

*Attorneys for Defendants Abbott Laboratories, Takeda Pharmaceuticals U.S.A., Inc., Takeda Chemical Industries, Ltd., and TAP Pharmaceutical Products Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TAKEDA PHARMACEUTICALS, U.S.A., INC., TAKEDA CHEMICAL INDUSTRIES, LTD., AND TAP PHARMACEUTICAL PRODUCTS INC.'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(5), 12(b)(6), AND 9(b)** with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Kathryn Dore*
Attorney for Defendants Abbott Laboratories, Takeda Pharmaceuticals U.S.A., Inc., Takeda Chemical Industries, Ltd., and TAP Pharmaceutical Products Inc.